Chen v. Holder

BIA
Wiesel, IJ
A089 096 383

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand thirteen.

PRESENT:
>        RICHARD C. WESLEY,
>        DEBRA ANN LIVINGSTON,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

DAN JIN CHEN,
>        *Petitioner,*

>        v.                                      12-25
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        David A. Bredin, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dan Jin Chen, a native and citizen of the People's Republic of China, seeks review of a December 16, 2011 decision of the BIA affirming the November 20, 2009 decision of the Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Jin Chen*, No. A089 096 383 (B.I.A. Dec. 16, 2011), *aff'g* No. A089 096 383 (Immig. Ct. N.Y. City, Nov. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility finding on . . . the consistency between the applicant's or witness's written or

oral statements . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination. That determination was based on inconsistencies between Chen's original asylum application, in which she alleged that she was forced to undergo an abortion in March 2008, and her amended application and testimony before the IJ, in which she stated that the abortion occurred in December 2007. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Chen's explanation for this inconsistency – that she made a mistake on her initial application and attempted to correct it – was insufficient to compel the agency to credit it, given her later testimony that she was not aware of what was in the initial application, and in light of other inconsistencies in her applications that were identified by the IJ. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *Xiao*

3

*Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Substantial evidence thus supports the IJ's adverse credibility determination, which serves as a dispositive basis for the agency's denial of asylum, withholding of removal, and CAT relief based on Chen's family planning claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (Withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

Chen also challenges the BIA's independent denial of relief based on her practice of Christianity. The agency did not err, however, in finding that Chen failed to demonstrate an objectively reasonable fear of future persecution, because she presented no evidence that the Chinese authorities were aware or are likely to become aware of her practice of Christianity, and merely made a perfunctory assertion that she would be harmed as a result of her participation in an underground church. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam).

4

Finally, the BIA reasonably determined that Chen failed to establish her eligibility for CAT relief based on her illegal departure from China as she presented no particularized evidence suggesting that she would likely be tortured.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157–60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5